812 F.2d 1407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. MARTIN, Plaintiff-Appellant,
v.
Richard P. SEITER, SOCF, Defendant-Appellee.
 No. 86-3035.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1987.
 
 Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiff appeals pro se from the district court's judgment dismissing his prisoner's civil rights case. This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The plaintiff is a prisoner at the Southern Ohio Correctional Facility in Lucasville, Ohio. The defendant is the current director of the Ohio Department of Rehabilitation and Corrections. The plaintiff's initial complaint alleged that his constitutional rights were violated when the prison officials confiscated his Marxist newspapers. The prior director allegedly approved the placement of these newspapers on the prison's forbidden publications list. The plaintiff requested declaratory and injunctive relief.
 
 
 3
 Subsequently, the plaintiff dismissed all of his claims except for allegations that the prison regulations concerning forbidden publications violated the plaintiff's due process rights. The plaintiff then filed an amended complaint stating his arguments on the due process issue. The district court held that the amended complaint failed to show a specific personal injury to the plaintiff, so the court dismissed the case.
 
 
 4
 To establish standing to raise a constitutional claim, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct. Allen v. Wright, 468 U.S. 737, 751 (1984). In the present case, it is clear that the amended complaint does not state a sufficient personal injury. Normally, the plaintiff's initial complaint could be liberally construed to provide facts establishing the necessary personal injury. Haines v. Kerner, 404 U.S. 519, 520 (1972). The plaintiff, however, chose to voluntarily dismiss all of the allegations in that prior complaint. Therefore, the case before the district court no longer contained those allegations, and the court properly dismissed the amended complaint.
 
 
 5
 In his reply brief, the plaintiff argues that his fellow prisoners have also been injured as a class by the regulations at question. That a suit may be a class action adds nothing to the question of standing, for even the named plaintiffs must show that they have been personally injured, not that injury has been suffered by other, unidentified members of the class. Warth v. Seldin, 422 U.S. 490, 502 (1975); accord, Jaimes v. Toledo Metropolitan Housing Authority, 758 F.2d 1086, 1093 (6th Cir.1985). So this argument is also without merit.
 
 
 6
 The judgment of the district court is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.